IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:97CR3014 |
| | ) | |
| v. | ) | |
| | ) | |
| YOSHA BROWN, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

    Yosha Brown has filed two motions. They are yet another in a series of frivolous motions filed by the defendant. I will briefly explain the background of this case and my reasons for denying the motions.

    After granting the government's motion for departure, I gave Brown a big break and sentenced her to nine months in prison for conspiracy to distribute crack. I also placed the defendant on 5 years of supervised release. Unfortunately, the defendant committed manslaughter and use of a weapon to commit a felony while on supervised release. As a consequence, I revoked her conditions of supervised release and sentenced Brown to 30 months in prison plus an additional period of supervised release. That was at the low-end of the Guidelines. The federal sentence was to be served consecutive to her state sentence. Over the years, the defendant has filed one frivolous motion after another.

    Brown now seeks to invoke the retroactive amendments to the crack cocaine Guidelines, she seeks to have her federal and state sentence run concurrently, and she may seek other relief. The defendant is not entitled to any relief.

    Initially, the retroactive amendments to the crack Guidelines do not apply to a sentence for revocation of supervised release. Even if the amendments applied, I

would not give Brown the benefit of them because she killed someone while on supervised release.

In that same vein, the defendant is not entitled to have her state and federal sentences run concurrently.  She got a big break when she was originally sentenced, but she grievously violated her conditions of supervised release.  Brown deserves substantial incremental punishment to satisfy the different federal and state interests.

IT IS ORDERED that:

1. The defendant's motion to reduce sentence pursuant to crack cocaine amendments (filing 77) and her motion to run multiple federal and state sentences of imprisonment concurrently (filing 78) are denied.

2. The text order (filing 79) appointing the Federal Public Defender is set aside.  The Federal Public Defender shall not represent the defendant in this matter unless subsequently ordered to do so.

3. The Clerk shall provide the defendant and the Federal Public Defender with a copy of this memorandum and order.

DATED this 21st day of May, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge